# M. HASHIGUCHI *v.* H. NAGASAWA AND H. OKA, DEFENDANTS, YOUNG MEN'S CHRISTIAN ASSOCIATION, GARNISHEE.

## No. 1855.

FILED MAY 17, 1929.                    DECIDED MAY 28, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE WATSON IN PLACE OF PARSONS, J., ABSENT.

*Per Curiam.* This is a petition for a rehearing. The petitioner complains that in deciding the case we overlooked an important fact which, had it been considered, would have led us to a different conclusion. The fact referred to is that on March 24, 1925, which was after the note to Riyu Hashiguchi had been executed and before it was assigned to M. Hashiguchi, the plaintiff, the latter

sold the business which he owned and which was conducted under the trade name of "Hashiguchi Shoe Store" to Nagasawa, the defendant, and that the consideration mentioned in the bill of sale was the assumption by and the agreement of Nagasawa to pay Hashiguchi's debts.

The contention is made that the note to Riyu Hashiguchi, being in existence at the time of the sale to Nagasawa, was one of the debts which Nagasawa assumed and agreed to pay and thus became his obligation. The petitioner claims that under these circumstances we were in error in saying in the original opinion: "There was no obligation from which to release Nagasawa and the allegation of the consideration for the transfer, contained in the second count, failed for the want of proof." The sale to Nagasawa was by a written instrument in which, in consideration of the sale, he assumed and agreed to pay certain specific debts of Hashiguchi's, which did not include the note to Riyo Hashiguchi. He also agreed in general terms to assume and pay all the debts of Hashiguchi's. The legal effect of this latter agreement was fully argued in the briefs and orally and perhaps should have been discussed in the original opinion although, had we done so, for the reason that follows, our conclusion would have been the same. Under a well recognized principle of law Nagasawa's general agreement to pay all of Hashiguchi's debts, as distinguished from his agreement to pay specific debts, only bound him to pay such obligations as were valid and binding upon Hashiguchi. Williston on Contracts, Vol. 1, § 399, says: "Another kind of defence to a promise to pay a debt has given rise to considerable litigation. May the promisor set up that the debtor did not owe the debt or that it was an illegal debt? The answer to this question depends upon the true meaning in fact of the promise rather than upon any rule of law. If the promisor's agreement is to be construed as a

34

promise to discharge whatever liability the promisee is under, the promisor must certainly be allowed to show that the promisee was under no liability. Thus one who in return for an assignment of property assumed all the grantor's debts would certainly be allowed to dispute the validity of any debt."

We held in the original opinion that the note to Riyu Hashiguchi was executed by her husband, M. Hashiguchi, acting through his duly authorized agent, and was therefore his promise and not the promise of the agent. This being true the contract was between husband and wife, which is forbidden by section 2998, R. L. 1925. The note was therefore void. Being void Hashiguchi was under no legal obligation to pay it and under the rule above referred to Nagasawa was under no legal obligation to pay it.

The statement above quoted from the original opinion is correct and the petition for a rehearing is denied without argument under the rule.